UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| Shalia Latoya Credell | ) | CASE NO. 18-68715-LRC |
| | ) | |
| | ) | |
| DEBTOR. | ) | |

**CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION & MOTION TO DISMISS**

COMES NOW Melissa J. Davey, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

2. The funding of post-petition mortgage installments for both properties (first mortgage on residence and first and second mortgage on rental property) have not been maintained in the above-styled Chapter 13 case; thereby, rendering the present budget and proposed Plan infeasible, 11 U.S.C. Section 1325(a)(6).

3. The Chapter 13 Plan appears to be infeasible because the budget in the Schedules fails to include an expense for the second mortgage on the rental real estate in the amount of $120.00 per month. 11 U.S.C. Section 1325(a)(6).

4. Debtor's Schedule I fails to accurately reflect Debtor no longer receives unemployment, preventing the Chapter 13 Trustee from determining whether the Plan complies with 11 U.S.C. Sections 1325 (a)(3), (a)(6), and/or 1325(b)(1)(B).

5. The Chapter 13 budget fails to reflect Debtor's income from Uber and Lyft; thereby preventing the contribution of all disposable income to this plan. 11 U.S.C. Sections 1325(a)(3), 1325(a)(7), and 1325(b).

6. The Chapter 13 Schedules reflect an exemption of $43,900.00 for various items under O.C.G.A. Sections 44-13-100(a)(1) and 44-13-100(a)(6). The Chapter 13 Trustee objects to the exemption because the amount of the exemption exceeds the exemption limitations allowed in accordance with O.C.G.A. Section 44-13-100(a)(6).

7. The Chapter 13 Plan fails to provide treatment of the filed secured claim of Republic Finance, in violation of 11 U.S.C. Sections 1322(a)(2) or 1325(a)(5).

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

8. Section 3.6 of the proposed Chapter 13 plan either (1) fails to provide an interest rate to be applied to any allowed secured claims not treated specifically under the plan, preventing the Trustee from properly administering the plan, or (2) improperly crams down the interest rate to less than the current national prime interest rate. 11 U.S.C. Section 1325(a)(5)(B). *See Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).

9. Debtor has failed to file a Certificate of Manner of Service showing proper service pursuant to Federal Rules of Bankruptcy Procedure 2002, 3015, and 7004 in violation of NDGA Bankruptcy Court General Order 21-2017.

10. The Chapter 13 Trustee is unable to administer the Plan, as Section 1.3 and Section 8 of the Chapter 13 Plan are inconsistent regarding non-standard provisions.

11. The Chapter 13 plan proposes to pay $5,000.00 to the Debtor's Attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and would request that Debtor's counsel appear at confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/ Mandy K. Campbell
Mandy K. Campbell
Attorney for Chapter 13 Trustee
GA Bar No. 142676

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| SHALIA LATOYA CREDELL | ) | CASE NO.: 18-68715-LRC |
| | ) | |
| | ) | |
| DEBTOR. | ) | |

18-68715-LRC           **CERTIFICATE OF SERVICE**

    This is to certify that I have on this day electronically filed the foregoing Objection to Confirmation & Motion to Dismiss using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Talitha S. Fleming    tflemingecf@flemingbk.com,
ecf@flemingbk.com;cgoldenecf@flemingbk.com;goldenbkecfmail@gmail.com;FlemingTR73510@notify.bestcase.com
David Andrew Folkner    andrewf@weissman.law
Brian K. Jordan    ecfganb@aldridgepite.com, bjordan@ecf.inforuptcy.com
Robert J. Malloy    ecf.rjmalloylaw@gmail.com
Benjamin Paul Ost    bpo@dorough.com

    I further certify that on this day I caused a copy of this document to be served via with adequate postage prepaid on the following parties at the address shown for each:

DEBTOR(S):
SHALIA LATOYA CREDELL
7256 TOCCOA CIRCLE
UNION CITY, GA  30291


February 06, 2019.

/s/
_____
Mandy Campbell
GA Bar No. 142676
Attorney for Melissa J. Davey, Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:  678-510-1444
Facsimile:     678-510-1450